UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARLA OPPER,

    Plaintiff,

v.                                                                                         Case No. 14-C-962

DELTA AIR LINES, INC.,

    Defendant.

## DECISION AND ORDER

In this putative class action, Plaintiff Carla Opper claims that Delta Air Lines violated the terms of its "Best Fare Guarantee" with respect to Plaintiff and other, similarly-situated customers, and its violation of that guarantee constitutes breach of contract, breach of the covenant of good faith and fair dealing, breach of warranty, and fraud. Delta moved to dismiss on the grounds that the claim failed to state a claim and that other legal theories were preempted by federal law. For the reasons given below, the motion to dismiss will be granted.

**I. The Complaint's Allegations**

According to the complaint, Delta's website, delta.com, prominently offers what it calls a Best Fare Guarantee. The essence of the guarantee is as follows: "THE BEST DELTA FARES ON THE WEB — OR YOUR MONEY BACK If you find a fare that is at least $10 lower on another website for the exact same Delta itinerary, then we'd like to make it right." (ECF No. 8-1.)

The complaint alleges that Delta violates this guarantee by not offering customers the cheapest available fare on each leg of a multi-leg flight. Delta does this through the use of a

computerized system of "marrying" connecting flight segments together. This system is not itself problematic. The problem arises because Delta's system refuses to allow customers to book connecting flights at the lowest fare classes Delta offers. Like other airlines, Delta offers a number of fare classes for the same flights. The cheaper classes, such as Class E, have more restrictions, such as blackout dates or penalties for changing flights, while more expensive classes allow more flexibility. According to the complaint, however, if a customer books an itinerary that requires connecting flights (as opposed to a non-stop flight), Delta does not make its lowest (i.e. cheapest) fare classes available.

For example, suppose a customer is able to book, independently, one leg from New York to Atlanta, and then a second leg from Atlanta to Houston, at a cost of $100 per leg. The low price reflects the fact that the customer has booked the cheapest "E" class fares for each stretch, resulting in a $200 flight from New York to Houston. But under Delta's system, the customer is prevented from combining those lower fare classes on each segment. Instead, the website bundles the two segments together using a *higher* fare class, resulting in a price that Plaintiff says is often significantly higher. This is true even though the tickets are essentially for the exact same seats on the same airplanes, and even though the cheaper fares would be available to travelers booking the segments individually. In short, this practice allegedly violates Delta's Best Fare Guarantee because it deprives customers needing connecting flights the ability to obtain the lowest available fare classes.

**II. Analysis**

In considering a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all well-pleaded facts are accepted as true. *Justice v. Town of Cicero,* 577 F.3d

768, 771 (7th Cir. 2009). Here, I conclude that even if all of the facts in the complaint are accepted as true, the complaint fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

The problem lies in the Plaintiff's misunderstanding of what Delta is warranting. In essence, Plaintiff believes the warranty regarding "best fares" means Delta was guaranteeing to offer the lowest fare available on each leg of a multi-leg flight. As the complaint puts it, "Defendant's 'BEST FARE GUARANTEE' is an express promise and warranty that Delta is providing its customers with the lowest available fare[] classes and corresponding fares for a given route when they book on delta.com." (ECF No. 1, ¶ 14.) But this is a misreading of Delta's guarantee.

Delta's warranty had nothing to do with whether the fares offered were the best fares *possible*, but merely the best Delta fares *as compared to other websites*. The warranty does not state that all customers could access all available fare classes on delta.com. Instead, it merely says that if a customer books a given "itinerary" on delta.com, that itinerary will not be cheaper on any other website (and, if it is, Delta will compensate the customer). This is true regardless of the price or the means Delta used to arrive at that price. For example, if a flight from Pittsburgh to Los Angeles cost $350 on delta.com, Delta was warranting only that the same itinerary would not be available on any other website at a cheaper price. It was not a warranty regarding the methods Delta used to calculate that price, nor was it warranting anything about specific fare classes that might or might not be available. The warranty was relative rather than substantive. That is, Delta was warranting that prices on its website were the cheapest when compared to offerings for Delta flights for the same itinerary on other sites; it was *not* warranting anything about the actual value or cost of the flights it offered.

When understood in this light, it simply does not matter *how* Delta arrived at its prices,

3

either for individual legs or for flights involving one or more stops. Nor does it matter whether Delta's prices were expensive or cheap for the consumer. Because its warranty was not a statement about the *actual* value of the flights offered but merely about the value relative to other ticket providers (for the same flights), Delta could actually have charged whatever it wanted for the flights. It could even have thrown darts to arrive at the prices, or it could have tripled the prices for multi-leg itineraries, so long as the ultimate price it arrived at was no more expensive on its own website than on other websites (for the same itinerary). To show a warranty violation, the Plaintiff would have to allege that the same flights were cheaper on *other* websites: the warranty itself applies only "if you find a fare that is at least $10 lower on another website for the exact same Delta itinerary." (ECF No. 8-1.) Plaintiff has not identified any fare on another website that was lower for the exact same itinerary. In fact, the complaint merely compares the prices she paid to prices that other Delta customers would have paid *on delta.com*—the exact same website. Because Delta's Best Fare Guarantee was a guarantee only about Delta's prices *with respect to other websites*, by its own clear terms the guarantee is not violated merely because a hypothetical consumer could find cheaper fares for various legs of a flight on Delta's own website.

Plaintiff's reading of the warranty is belied by the plain language listing the conditions of the warranty, which Plaintiff attached as an exhibit to the complaint. Although Plaintiff attached the conditions to her complaint, she now argues that they did not appear on the computer screen at the time she booked her tickets and thus cannot be considered a part of her contract with Delta limiting its "Best Fare Guarantee." Instead, she argues that the entirety of the warranty consists of the following language that appeared on Delta's homepage at the time: "NOTHING BUT THE BEST. With our Best Fare Guarantee, you get the best Delta fares or your money back. Book

4

now." (ECF No. 10 at 7.) But if this is all that is to be considered, Plaintiff's claim would fail for indefiniteness. *See Dynegy Marketing and Trade v. Multiut Corp.*, 648 F.3d 506, 516 (7th Cir. 2011) (noting that "[v]ague statements about 'best' prices do not an agreement make ...."). It thus follows that whatever guarantee Delta gave must be governed by the conditions qualifying it that were included on the website.

One of those qualifications of the warranty is that "the lower fare is not offered at delta.com." (ECF No. 8-1.) Here, the Plaintiff relies exclusively on lower fares that *were* for sale on delta.com. In fact, the entire premise of the complaint is that Delta refused to offer customers taking multiple-leg flights the same fare classes it was offering, *on its own website*, to customers who booked just a single leg. Even if the Plaintiff found the fare on another site, as she alleges, Delta's site also offered those flights at the same prices. The point, once again, is that Delta's own website cannot be the source of any broken promises because the essence of the guarantee is comparative. As it says in the first sentence, "If you find a fare that is at least $10 lower on another website for the exact same Delta itinerary, then we'd like to make it right." (ECF No. 8-1.)

Plaintiff cites a claim made by Home Depot, which purported to have the "best prices, guaranteed." According to the Plaintiff, the Better Business Bureau found that claim was not merely a "price-matching" policy but a claim that customers would not need to comparison shop because Home Depot would always offer the lowest prices. (ECF No. 10 at 18.) Here, however, even if Delta's guarantee is more than a price-matching policy, it remains true that Delta's claim is simply that it has the "best Delta fares on the web," which is a statement of comparison (to other sites on "the web") rather than a promise that Delta will always offer its cheapest fares on all flights. Plaintiff has not alleged that other sites offered customers the ability to book non-direct Delta flights

5

using the lowest fares available for each leg.

In sum, the Plaintiff's reading of the warranty is fundamentally flawed because it views the warranty as making substantive claims about what kinds of fares will be available, when instead the warranty merely makes a comparative claim asserting that fares for Delta flights will be lowest at Delta's own website. The warranty appears to be a simple effort to convince customers to cut out the middle man and use Delta's website to book flights. The fact that Delta might not *offer* certain fares to certain customers does not violate the guarantee. Accordingly, because this misreading of the warranty underlies all of the Plaintiff's claims, the complaint fails to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons given above, the motion to dismiss is **GRANTED**. The complaint is **DISMISSED,** and because it does not appear that the Plaintiff can state a claim, the dismissal is with prejudice. The Clerk is directed to enter judgment in favor of the Defendant.

**SO ORDERED** this 7th day of January, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court