UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARLA OPPER,

        Plaintiff,

v.                                                           Case No. 14-C-962

DELTA AIR LINES, INC.,

        Defendant.

## DECISION AND ORDER

Plaintiff has moved to reconsider this Court's dismissal of its putative class action against Delta Airlines based on Delta's allegedly misleading "best price" guarantee. In its ruling, this Court described the guarantee as follows: "THE BEST DELTA FARES ON THE WEB — OR YOUR MONEY BACK If you find a fare that is at least $10 lower on another website for the exact same Delta itinerary, then we'd like to make it right." (ECF No. 8-1.) Given the fact that the guarantee was explicitly comparative, I concluded that it did not matter *how* Delta computed its fares, so long as the fares it offered on its own website were the same or better than fares a customer could find on competing websites.

In seeking reconsideration, the Plaintiff repeats her argument that the guarantee was much simpler than the phrase quoted above. In fact, she wants to amend the complaint to make clear that she never read any disclaimers or any fine print, or even the basic substance of the guarantee. Instead, she asserts that all she saw on Delta's website were the words "best fare guarantee," and from those three modest words she jumped to the conclusion that Delta was warranting that the fares

it offered on flights with connections would be the same price as the fares offered to customers who purchased individual legs of the same flight.

The phrase "best fare guarantee" is better understood as the promotional name Delta gave to the guarantee rather than the guarantee itself. Without more than those three words, no consumer would have any clear idea what the guarantee meant, and so the interested consumer would naturally gravitate to the substance of the guarantee before acting. For example, many companies offer a "satisfaction guarantee," but that is not itself the guarantee but merely a description of a guarantee that undoubtedly has some conditions attached to it. Without at least a few details such a guarantee is meaningless.

Even if "best fare guarantee" were itself the guarantee, a consumer seeing that phrase would certainly not reasonably believe that "best fare" would mean something so specific as a claim that prices for all itineraries would be calculated exactly the same way. Instead, "best" is inherently a comparative term ("good, better, best") and the consumer would understand the claim to be that Delta's website had better prices than any other company's website, for the same itinerary. (Which, not surprisingly, is how Delta described the guarantee.) It is common for businesses to offer the "best prices in town," and the like, but a reasonable consumer understands that as a comparative guarantee rather than a statement about the internal method the business uses to calculate the prices it offers. (If "best" meant something about the company's internal pricing decisions, then theoretically Delta could never earn a profit, because any price higher than break-even would not be the "best" price.) The point is that even if somehow the "best fare guarantee" were *itself* the guarantee, rather than merely a description of the guarantee, it could not reasonably be interpreted in the fashion Plaintiff asserts.

Accordingly, the motion for reconsideration and the motion to amend are **DENIED**.

**SO ORDERED** this 22nd day of May, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court